UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREATER MICHIGAN PLUMBING AND
MECHANICAL CONTRACTORS
ASSOCIATION, INC., et al.,

      Plaintiffs,

v.

      Civil Case No. 17-10533
      Honorable Linda V. Parker

PRECISION PIPELINE, LLC, et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO LIFT TEMPORARY STAY OF PROCEEDINGS AND REQUIRING DEFENDANTS TO RESPOND TO AMENDED COMPLAINT

This is an action seeking fringe benefit contributions Defendants allegedly owe Plaintiffs pursuant to the terms of collective bargaining agreements. On October 23, 2017, this Court signed a stipulated order temporarily staying the proceedings pending Plaintiffs' completion of an audit of certain payroll records Defendants agreed to provide. (ECF No. 27.) Plaintiffs now seek to lift the temporary stay, contending that Defendants have failed to cooperate in the audit. (ECF No. 28.) Defendants filed a response to Plaintiffs' motion to lift the stay, arguing that they in fact have cooperated and provided Plaintiffs the payroll records and other documents requested. (ECF No. 29.) In reply, Plaintiffs disagree. (ECF No. 30.) According to Plaintiffs, Defendants have failed to

provide sufficient payroll records to conduct a meaningful audit and to clarify the content or meaning of records produced. (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S.D. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1997). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citations omitted).

When deciding whether to impose or lift a stay, it is "clear that a court must tread carefully… since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Moreover, "[w]hen circumstances have changed such that the court's reasons for imposing a stay no longer exist or are inappropriate, the court may lift the stay." *Canady*, 271 F. Supp. 2d at 74 (citation omitted).

Here, the Court was willing to enter a temporary stay of the proceedings in light of the parties' apparent agreement to independently resolve the matter through the completion of an audit to determine the amounts Defendants owe

2

under the CBAs.  It is neither efficient nor necessary for the Court to wade into the parties' current disagreement regarding whether Defendants have satisfied their duties with respect to the audit.  Plaintiffs believe Defendants have not provided the information necessary to complete a meaningful audit and thus the reason for staying the proceedings has disappeared.  In other words, the ability of the parties to resolve this dispute voluntarily now seems unlikely.

As such, the Court **GRANTS** Plaintiffs' motion to lift the temporary stay and the stay is **LIFTED**.  Defendants shall file a response to Plaintiffs' Amended Complaint within **fourteen (14) days** of this Opinion and Order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 22, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager